JOHN L. BURRIS, (SBN 69888)
DeWITT M. LACY, (SBN 258789)
**THE LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882

Attorneys for Plaintiff

| | |
|---|---|
| ANNE REBUCAS, individually and as joint successor-in-interest to Decedent RYAN SALONGA; A.S., a minor, individually and as joint successor-in-interest to Decedent RYAN SALONGA, through her Guardian Ad Litem, ANNE REBUCAS; D.S., a minor, individually and as joint successor-in-interest to Decedent RYAN SALONGA, through his Guardian Ad Litem, ANNE REBUCAS; THE ESTATE OF RYAN SALONGA,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SAN BRUNO, a municipal corporation; ANDREW HARPER, individually and in his capacity as an officer for the SAN BRUNO Police Department; and DOES 1-25, inclusive, individually, jointly and severally,<br><br>Defendants. | CASE NO.:<br><br>PLAINTIFFS' COMPLAINT FOR WRONGFUL DEATH AND VIOLATION OF CIVIL RIGHTS AND DAMAGES<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This is an action for damages brought pursuant to Title 42 U.S.C §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, under California Civil Code§ § 52.1 and 51.7, and under the common law of California. This action is against the CITY OF SAN BRUNO, ANDREW HARPER of the San Bruno Police Department, and DOES 1-25.

2. It is also alleged that these violations and torts were committed due to the actions of the above mentioned officer of the San Bruno Police Department.

## JURISDICTION

3. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Section 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of San Bruno, California which is within the jurisdictional boundaries of this court. The damages sought are within the jurisdictional limits of this court.

## PARTIES

4. Plaintiff herein, ANNE REBUCAS, is, and at all times herein mentioned was a citizen of the United States. Plaintiff is the mother of Decedent, RYAN SALONGA's two minor children.

5. Plaintiff herein, A.S., by and through her Guardian Ad Litem ANNE REBUCAS, is the minor surviving daughter of decedent, RYAN SALONGA.

6. Plaintiff herein, D.S., by and through his Guardian Ad Litem ANNE REBUCAS, is the minor surviving son of decedent, RYAN SALONGA.

7. THE ESTATE of RYAN SALONGA is represented by and through, ROMEO SALONGA, the decedent's father and personal representative of the ESTATE of RYAN SALONGA.

8. Defendant CITY OF SAN BRUNO is, and at all times mentioned herein, a municipal entity, duly organized and existing under the laws of the State of California.

9. At all times herein mentioned, Defendant, ANDREW HARPER (hereinafter "HARPER"), at all times mentioned herein, was a Police Officer for the SAN BRUNO Police Department, and is

sued in his individual capacity, and in his capacity as an officer of the SAN BRUNO police department.

10. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages sustained by plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

11. Plaintiffs are required to comply with an administrative tort claim requirement under California law. Plaintiffs have complied with all such requirements.

## STATEMENT OF FACTS

12. The incident took place on October 22, 2013 at 2:30 a.m. on Poplar Avenue in San Bruno, CA. At the time of this incident, Decedent, RYAN SALONGA ("SALONGA"), was driving with a friend, Sonny Tialavea, when Defendant, HARPER, began to follow him.

13. The defendant officer did not observe Mr. SALONGA involved in any criminal activities. Nevertheless, officer HARPER continued to follow Mr. SALONGA. SALONGA did not immediately yield and turned into Poplar Street. After Mr. SALONGA turned into Poplar Street he noticed that officer HARPER was still following him. Mr. SALONGA drove to the far north end of the street and realized that is was a dead-end. Officer HARPER turned on his emergency lights and continued to pursue SALONGA.

14. Mr. SALONGA attempted to back into a yard and make a u-turn in order to avoid HARPER. Mr. SALONGA backed up too far and his bumper touched the front porch of one house.

15. Inexplicably, HARPER jumped out of his patrol car and ran toward SALONGA with his gun drawn.

16. HARPER ordered Mr. SALONGA and Mr. Tialavea to put their hands up and get out of the car. Both men were unarmed and neither posed a legitimate threat to the officer. Before Mr. SALONGA could comply, without any lawful reason or justification, the officer opened fire into the car while SALONGA's vehicle was standing still. Mr. SALONGA was hit by a series bullets and was incapacitated. A second officer opened fire on the other side of the car, hitting Mr. SALONGA in the

COMPLAINT FOR WRONGFUL DEATH AND DAMAGES - 3

back of the head. Mr. SALONGA never recovered from the gun shot injuries and was pronounced dead shortly thereafter. Mr. SALONGA leaves behind his father, girlfriend, and two young children.

17. There was an eye-witnesses to this horrific abuse of police power. Sonny Tialavea, a friend of SALONGA was a passenger and witnessed the entire incident.

18. Plaintiffs are informed and believe and thereon allege that CITY OF SAN BRUNO and DOES 1-25, inclusive, breached their duty of care to the public in that they have failed to discipline the involved defendant officers: HARPER, and DOES 1-10 inclusive, for their respective misconduct and involvement in the incident described herein. Their failure to discipline defendants: HARPER and DOES 1-10 inclusive, demonstrates the existence of an systemic culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions, the use of racial profiling, the use of excessive and/or deadly force and the fabrication of official reports to cover up defendants' HARPER and DOES 1-10's inclusive, misconduct.

19. Plaintiffs are further informed, believe and thereon allege that as a matter of official policy -- rooted in an entrenched posture of deliberate indifference to the constitutional rights of primarily the minority citizens who live in the CITY OF SAN BRUNO-- defendant CITY OF SAN BRUNO has long allowed its citizens, such as decedent RYAN SALONGA to be abused by its officer's, including by HARPER and/or DOES 1-10 and/or each of them, individually and/or while acting in concert with one another.

20. Plaintiffs are informed, believe and thereon allege that CITY OF SAN BRUNO knew, had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

## DAMAGES

21. As a consequence of Defendants' violation of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment, Plaintiffs D.S. and A.S. were mentally and emotionally injured and damaged as a proximate result of decedent's wrongful death, including but not limited to: Plaintiffs' loss of familial relations, decedent's society, comfort, protection, companionship, love, affection, solace, and moral support.

22. Plaintiff, ESTATE OF RYAN SALONGA, by and through, ROMEO SALONGA, the personal representative of RYAN SALONGA's Estate, are entitled to recover wrongful death damages pursuant to C.C.P. §§ 377.60 and 377.61 and Probate Code §6402(b). Additionally, plaintiffs are entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61.

23. Plaintiff, ESTATE OF RYAN SALONGA, is entitled to recover damages by and through ROMEO SALONGA, the personal representative of decedent's estate pursuant to his right of survivorship for the pain and suffering he endured as a result of the violation of his civil rights.

24. As a further direct and proximate result of Defendants' intentional and/or negligent conduct, Plaintiffs A.S. and D.S., have been deprived of decedent's support.

25. Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of decedent and Plaintiffs' rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

### FIRST CAUSE OF ACTION

**Violation of Fourth Amendment of the United States Constitution**

**(42 U.S.C. §1983)**

**(ESTATE of RYAN SALONGA v. HARPER and DOES 1-10, inclusive)**

26. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 25 of this Complaint.

27. Defendant officers' violated the decedent's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures.

### SECOND CAUSE OF ACTION

**Violation of Fourth Amendment of the United States Constitution**

**(42 U.S.C. §1983)**

**(ESTATE of RYAN SALONGA v. HARPER and DOES 1-10, inclusive)**

28. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27 of this Complaint.

29. Defendants' above-described conduct, wherein it is alleged that Deputies violated decedent's right as provided for under the Fourth Amendment to the United States Constitution to be free from unlawful detentions.

## THIRD CAUSE OF ACTION

### Violation of Fourth Amendment of the United States Constitution

### (42 U.S.C. §1983)

### (ESTATE of RYAN SALONGA v. HARPER and DOES 1-10, inclusive)

30. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 of this Complaint.

31. Defendants' above-described conduct violated decedent's right as provided for under the Fourth Amendment to the United States Constitution to be free from excessive force and/or the arbitrary and/or unreasonable use of deadly force against him.

## FOURTH CAUSE OF ACTION

### (Wrongful Death)

### (42 U.S.C. §1983)

### (ESTATE of RYAN SALONGA, A.S. by and through her Guardian Ad Litem, ANNE REBUCAS, D.S. by and through his Guardian Ad Litem, ANNE REBUCAS v. HARPER, and DOES 1-10, inclusive)

32. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 31 of this Complaint.

33. Defendants acted under color of law by shooting and killing decedent without lawful justification and subjecting decedent to excessive force thereby depriving Plaintiff and the decedent of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

    b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendments to the United States Constitution;

c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

(Violations of Plaintiffs' Civil Rights to Familial Relationship)

(42 U.S.C. § 1983)

(ROMEO SALONGA, A.S. by and through her Guardian Ad Litem, ANNE REBUCAS, D.S. by and through his Guardian Ad Litem, ANNE REBUCAS v. HARPER and DOES 1-10, inclusive)

34. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 33 of this Complaint as though fully set forth;

35. Defendants, acting under color of state law, and without due process of law, deprived Plaintiffs of their right to a familial relationship by seizing decedent by use of unreasonable, unjustified and deadly force and violence, causing injuries which resulted in decedent's death, all without provocation and did attempt to conceal their excessive use of force and hide the true cause of decedent's demise to deprive Plaintiff of her right to seek redress, all in violation of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTHCAUSE OF ACTION

(Monell)

(42 U.S.C. §1983)

(ALL PLAINTIFFS v. CITY OF SAN BRUNO and DOES 11-25, inclusive)

36. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 35 of this Complaint.

37. As against Defendants CITY OF SAN BRUNO, and/or DOES 11-25 and/or each of them, individually and/or in their capacities as official policy-maker(s) for CITY OF SAN BRUNO,

including the District Attorney's Office. Plaintiffs further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of Defendant CITY OF SAN BRUNO tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens, such as Plaintiffs.

38. Plaintiffs are informed and believe and thereon allege that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by defendants CITY OF SAN BRUNO, DOES 11-25 and/or each of them, to the repeated violations of the constitutional rights of citizens by San Bruno Police Department officers, which have included, but are not limited to, repeated acts of: making false reports, providing false and/or misleading information in causing detentions, arrests, imprisonments and/or malicious prosecutions based on fabricated and/or misleading statements and/or engaging in similar acts of misconduct on a repeated basis and failure to institute and enforce a consistent disciplinary policy and/or early warning system.

39. Plaintiffs are further informed and believe and thereon allege that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by defendants HARPER, DOES 1-10 and/or each of them, to the repeated violations of the constitutional rights of citizens by the San Bruno Police Department, which have included, but are not limited to, using excessive and/or deadly force on a repeated basis.

40. Plaintiffs are further informed and believe and thereon allege that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately hold officers accountable for their misconduct, the failure to properly and fairly investigate complaints about officers' misconduct, the failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent continuing violations of the rights of citizens.

41. The aforementioned deliberate indifference, customs, policies or practices of defendants CITY OF SAN BRUNO, HARPER, DOES 1-25, and/or each of them, resulted in the deprivation of the constitutional rights of the decedent and plaintiffs, including, but not limited to, the following:

    a. the right not to be deprived of life, liberty or property without Due Process of Law;

    b.   the right to be free from unreasonable searches and/or seizures; and/or,

    c.   the right to equal protection of the law,

    d.   the right to familial relationships,

    e.   the right to enjoy civil and statutory rights,

    f.   Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

42. As a result of the violation of their constitutional rights by defendants CITY OF SAN BRUNO, and/or DOES 1-25 and/or each of them, Plaintiffs sustained the injuries and/or damages as alleged heretofore in this Complaint.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

(Survival action: Violation of decedent's civil rights)

(42 U.S.C. §1983)

(ESTATE of RYAN SALONGA v. HARPER and DOES 1-10, inclusive)

43. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 42 of this Complaint.

44. RYAN SALONGA was forced to endure great conscious pain and suffering because of the Defendants' conduct before his death;

45. RYAN SALONGA did not file a legal action before his death;

46. Plaintiff, ROMEO SALONGA, personal representative of the ESTATE OF RYAN SALONGA claim damages for the conscious pain and suffering incurred by RYAN SALONGA, as provided for under 42 U.S.C. §1983.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## EIGHT CAUSE OF ACTION

(Wrongful Death - Negligence)

(C.C.P. §377.60 and 377.61)

(A.S., by and through her Guardian Ad Litem, ANNE REBUCAS, D.S., by and through his Guardian Ad Litem, ANNE REBUCAS v HARPER and DOES 1-10, inclusive)

47. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 46 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

48. Defendants and DOES 1-10 inclusive, by and through their respective agents and employees, proximately caused the death of decedent RYAN SALONGA, said Plaintiff ROMEO SALONGA, son, on October 22, 2013 as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

49. As an actual and proximate result of said defendants' negligence, and the death of decedent, Plaintiff ROMEO SALONGA, have sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of his son, decedent, in an amount according to proof at trial.

50. As a further actual and proximate result of said defendants' negligence, Plaintiff incurred funeral and burial expenses, in an amount according to proof at trial.

51. Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiff has brought this action, and claims damages from said defendants for the wrongful death of decedent, and the resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION
(Violation of Decedent's Right To Enjoy Civil Rights)
(Violation of CALIFORNIA CIVIL CODE §52.1)
(ESTATE of RYAN SALONGA v. HARPER and DOES 1-10, inclusive)

52. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51 of this Complaint.

53. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with decedent's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

## TENTH CAUSE OF ACTION

### (Violation of Decedent's State Statutory Rights)

### (Violation of CALIFORNIA CIVIL CODE §51.7)

### (ESTATE of RYAN SALONGA v. HARPER and DOES 1-10, inclusive)

54. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 53 of this complaint.

55. Plaintiff is informed and believes and thereon alleges that the conduct of Defendants was motivated by prejudice against RYAN SALONGA. Plaintiff is and was readily recognizable as a ((Fili)). In engaging in such conduct, Defendant violated decedent's rights under California Civil Code §51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

56. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §51.7, reasonable attorney's fees and an additional $25,000.00.

57. As a proximate result of Defendants wrongful conduct, decedent suffered damages as hereinafter set forth.

## ELEVENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### (ESTATE of RYAN SALONGA v. HARPER and DOES 1-10, inclusive)

58. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 57 of this Complaint.

59. Defendants' above-described conduct was extreme, unreasonable and outrageous.

60. In engaging in the above-described conduct, defendant intentionally ignored or recklessly disregarded the foreseeable risk that decedent would suffer extreme emotional distress as a result of defendants conduct.

## TWELFTH CAUSE OF ACTION

### (Assault And Battery)

### (ESTATE of RYAN SALONGA v. HARPER and DOES 1-10, inclusive)

61. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 60 of this complaint.

62. Defendants' above-described conduct constituted assault and battery.

### JURY DEMAND

65. Plaintiffs hereby demand a jury trial in this action.

### PRAYER

WHEREFORE, Plaintiffs prays for relief, as follows:

1. For general damages according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For funeral and burial expenses according to proof;

4. For violation of California Civil Code Sections 52.1, statutory damages, and reasonable attorney's fees;

5. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants HARPER, DOES 1 through 25 and/or each of them;

6. For violation of California Civil Code Section 52(b), punitive damages against Defendant agents and/or officers, $25,000.00 for each offense and reasonable attorney's fees;

7. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

8. For cost of suit herein incurred; and

9. For such other and further relief as the Court deems just and proper.

LAW OFFICES OF JOHN L. BURRIS

Dated: July 22, 2014

DeWitt M. Lacy
Attorney for Plaintiffs
ANNE REBUCAS, et al.